# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY MICHAEL HUTCHINSON, Plaintiff | : : : : | |
| | : | No. 1:19-cv-541 |
| v. | : : | (Judge Rambo) |
| DEPARTMENT OF HOMELAND SECURITY, Defendant | : : : : | (Magistrate Judge Carlson) |

## **MEMORANDUM**

Before the Court are *pro se* Plaintiff Rodney Michael Hutchinson ("Plaintiff")'s complaint (Doc. No. 1), Defendant's motion to dismiss for lack of jurisdiction (Doc. No. 7), Magistrate Judge Carlson's January 21, 2020 Report and Recommendation (Doc. No. 12) that the motion to dismiss be granted, Plaintiff's objections thereto (Doc. No. 13), Defendant's response (Doc. No. 14), and Plaintiff's reply (Doc. No. 15).

## I. BACKGROUND

Plaintiff initiated the above-captioned case on March 28, 2019 by filing a complaint styled as a "Reply to Request/Withholding of Removal." (Doc. No. 1.) As Magistrate Judge Carlson correctly notes, the majority of Plaintiff's complaint "has an enigmatic, idiosyncratic quality to it." (Doc. No. 12 at 1.) For example, Plaintiff refers to himself as a "secured party . . . NONPERSON" and a "living flesh and blood Man." (Doc. No. 1 at 2.) In his complaint, Plaintiff requests that the

Court strike an order of removal entered against him in immigration proceedings. (*Id.* at 7.)

Defendant filed a motion to dismiss for lack of jurisdiction on July 22, 2019. (Doc. No. 7.) Defendant asserts that this Court lacks jurisdiction because the "REAL ID Act bars district courts from reviewing removal orders and channels all removal challenges to review in the circuit courts." (Doc. No. 8 at 4.) After being directed to show cause why Defendant's motion should not be granted (Doc. No. 9), Plaintiff filed a brief in opposition on October 3, 2019 (Doc. No. 10). On January 16, 2020, the Court referred this matter to Magistrate Judge Carlson. (Doc. No. 11.)

## II. LEGAL STANDARD

When objections are timely filed to a magistrate judge's Report and Recommendation, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(c); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the Court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the Report and Recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.

R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III. DISCUSSION

In his reply to Defendant's response, Plaintiff "agrees that this [C]ourt has no subject matter jurisdiction." (Doc. No. 15 at 4.)[1] Having reviewed the Report and Recommendations and the parties' filings, the Court concurs with Magistrate Judge Carlson that this Court cannot exercise subject matter jurisdiction over Plaintiff's complaint. This Court has no authority to review Plaintiff's order of removal; if Plaintiff wishes to challenge that order, he must do so in the appropriate court of appeals. *See Zubrytskyy v. Doll*, No. 1:18-cv-2239, 2019 WL 1227459, at *2 (M.D. Pa. Mar. 15, 2019). Thus, the Court will adopt Magistrate Judge Carlson's Report and Recommendation (Doc. No. 12) and grant Defendant's motion to dismiss for lack of jurisdiction (Doc. No. 7).

---

[1] In this document, Plaintiff also refers to himself as a "stateless person" who is "domiciled outside of the general jurisdiction of the federal government." (Doc. No. 15 at 2.) He again refers to himself as a "secured party" who renounces allegiance to the United States. (*Id.* at 2-3.) Plaintiff attaches several UCC financing statements to his reply. (*Id.* at 6-16.) This language mirrors that "of the now infamous 'flesh and blood' movement, similar to the beliefs and rhetoric espoused by the American Moorish and Sovereign Citizen movements, all of which have been uniformly rejected as legally frivolous by this and other Courts across the country." *Weese v. Maryland*, No. PWG-17-2584, 2017 WL 8780880, at *1 (D. Md. Dec. 8, 2017).

Plaintiff's objection appears to challenge the referral of the above-captioned case to Magistrate Judge Carlson. (Doc. No. 13.) He asserts that his complaint "is outside the authority of a Magistrate Judge." (*Id.* at 4.) Magistrate judges, however, are authorized "to conduct hearing, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a matter without the consent of the parties. 28 U.S.C. § 636(b)(1)(B). However, "[u]nless the district court accepts those findings and recommendations, they do not have the force of law." *Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 199 (3d Cir. 2012). Therefore, Plaintiff's objection to Magistrate Judge Carlson's participation in this matter lacks merit and will be overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court will overrule Plaintiff's objection (Doc. No. 13), adopt Magistrate Judge Carlson's Report and Recommendation (Doc. No. 12), grant Defendant's motion to dismiss for lack of jurisdiction (Doc. No. 7), and dismiss Plaintiff's complaint (Doc. No. 1). The Court will also direct the Clerk of Court to close the above-captioned case. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: March 12, 2020